Submitted on the record November 21, ballot title certified as modified
December 18, 1997

## Mark HANEBERG,
*Petitioner,*

*v.*

## Hardy MYERS,
## Attorney General,
## State of Oregon,
*Respondent.*

### (SC S44584)

951 P2d 146

Mark Haneberg, petitioner, filed the petition *pro se*.

Jas. Adams, Assistant Attorney General, Salem, filed the answering memorandum. With him on the answering memorandum were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

GRABER, J.

**GRABER, J.**

This is a proceeding to review a ballot title. Petitioner is an elector who, in a timely manner, submitted written comments to the Secretary of State on the draft ballot title. Therefore, he is entitled to petition this court seeking a different ballot title. ORS 250.085(2).

The measure in question is a proposed constitutional amendment, which provides in its entirety:

"Livestock shall not have the right-of-way or be permitted to enter

"1. Any public highway unless the speed limit is less than 35 miles per hour.

"2. Any private property unless the owner(s) consent to have livestock enter and occupy their land."

For the foregoing measure, the Attorney General has certified this ballot title:

"AMENDS CONSTITUTION: PROHIBITS LIVESTOCK ENTRY ON: PRIVATE LAND WITHOUT CONSENT, CERTAIN HIGHWAYS

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits livestock entry on private land without landowner's consent, entry on certain highways.

"RESULT OF 'NO' VOTE: 'No' vote retains livestock's right to enter unfenced private land without landowner's consent, certain highways.

"SUMMARY: Amends constitution. Currently, under Oregon's 'open range' laws, other statutes, livestock may lawfully run at large on private land not adequately fenced, except in livestock districts, incorporated cities. Livestock along public highways currently have right of way over motor vehicles, except on interstate highways, specific state highways. Measure prohibits livestock from entering, occupying private land, unless landowner consents. Measure provides livestock are not permitted to enter and have no right of way on public highways, unless speed limit is less than 35 miles per hour."

Petitioner challenges only the "no" result statement and the summary. The "no" result statement must contain a simple and understandable statement of not more than 15 words describing the result if the voters reject the measure and, to the extent practical, the "no" statement should parallel the "yes" statement. ORS 250.035(2)(c), (3). The summary must contain a concise and impartial statement of not more than 85 words summarizing the measure and its major effect. ORS 250.035(2)(d). This court reviews the ballot title for substantial compliance with the requirements of ORS 250.035. ORS 250.085(5).

■  With respect to the "no" result statement, petitioner first argues that the word "unfenced" is an inaccurate description of what would be retained as current law, because livestock presently may enter even fenced private land that is situated on open range if the fencing is inadequate. Moreover, according to petitioner, in fact nearly all such fences are inadequate.

ORS 608.015 creates civil liability for trespass when livestock enter "land enclosed by an adequate fence and situated on open range."[1] That is, there is not an unlimited right for livestock to enter such adequately fenced private land without the landowner's consent; a person who permits entry in those circumstances is liable for damage done. It is true that "adequately fenced" and "fenced" do not mean the same thing and that the single word "unfenced" does not fully cover both "unfenced" and "inadequately fenced" land. Nonetheless, the Attorney General has made a permissible choice in using the phrase "unfenced private land" to describe the

---

[1] ORS 608.015(2) provides:

"A person who permits a horse, mule, ass, sheep, goat or animal of the bovine species to trespass on land enclosed by an adequate fence and situated on open range shall be liable to the owner or lawful possessor of the enclosed land for damage done by the animal. The person seeking to recover the damages shall plead and prove that the fence of the person consisted of structures, masonry, hedges, ditches, rails, poles, planks, rivers, streams, ponds, lakes, wire fences, natural or artificial barriers of any kind or any combination thereof. The adequacy of the fence shall be determined by reference to the customs and practices of good husbandmen in the particular area with reference to fences. The question of the existence of the fence and the adequacy thereof are questions of fact."

main focus of current law in this regard. Although as a factual matter *some* fences *may* not be "adequate," the Attorney General in drafting a ballot title is not required to assume that fact.

■ Petitioner also argues that livestock presently may enter "unfenced private land" only when that land is situated on open range. By contrast, livestock may not enter even unfenced private land in a livestock district or incorporated city. *See, e.g.*, ORS 607.005(5) (a livestock district is "an area wherein it is unlawful for livestock or a class of livestock to run at large"); ORS 607.008 (all incorporated cities are livestock districts).[2] As written, the "no" statement implies, misleadingly, that current law allows livestock to enter *all* unfenced private land.

We agree with petitioner's second point. The Attorney General's "no" result statement does suggest that livestock currently may enter *all* unfenced private land without subjecting the owner of the livestock to liability for any damage done. That suggestion is inaccurate in the significant ways noted above. For that reason, we revise the "no" result statement to read: " 'No' vote allows livestock entry on certain unfenced private land without landowner's consent, certain highways."

■ With respect to the summary, petitioner makes two arguments. The first is that "the existence and condition of fencing is immaterial to the legal right of livestock to enter private land in open range." As noted above, ORS 608.015 provides for civil liability on the part of those who allow livestock to trespass on private land that is adequately enclosed by a fence. That being so, the statement in the summary that, under present laws, "livestock may lawfully run at large on private land not adequately fenced, except in livestock districts, incorporated cities" adequately describes the distinctions found in current statutes.

---

[2] *See also* ORS 607.044 ("A person shall be liable to the owner or lawful possessor of land if the person permits an animal of a class of livestock to run at large upon such land and the land is located in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large.").

■    Petitioner's other argument respecting the summary is that the word "along" is inaccurate, when it is used to describe present law. Petitioner did not make that argument to the Secretary of State, even though the same phrasing, "along public highways," appeared in the draft ballot title. Accordingly, we do not consider the argument. *See* ORS 250.085(6) (when reviewing ballot title prepared by Attorney General, court shall not consider arguments not presented in writing to Secretary of State). The summary complies substantially with the statutory standard and thus requires no change.

In conclusion, we modify only the "no" result statement and certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION:   PROHIBITS LIVESTOCK
ENTRY ON: PRIVATE LAND WITHOUT CONSENT,
CERTAIN HIGHWAYS

RESULT OF "YES" VOTE:   "Yes" vote prohibits livestock entry on private land without landowner's consent, entry on certain highways.

RESULT OF "NO" VOTE:   "No" vote allows livestock entry on certain unfenced private land without landowner's consent, certain highways.

SUMMARY:   Amends constitution. Currently, under Oregon's "open range" laws, other statutes, livestock may lawfully run at large on private land not adequately fenced, except in livestock districts, incorporated cities. Livestock along public highways currently have right of way over motor vehicles, except on interstate highways, specific state highways. Measure prohibits livestock from entering, occupying private land, unless landowner consents. Measure provides livestock are not permitted to enter and have no right of way on public highways, unless speed limit is less than 35 miles per hour.

Ballot title certified as modified.